# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA
# OKLAHOMA CITY DIVISION

| | |
|---|---|
| JEFF SCHWOERER, Individually and For Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>THE WILLIAMS COMPANIES, INC.,<br><br>        Defendant. | **Case No.** CIV-20-375-PRW<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Jeff Schwoerer (Schwoerer) brings this lawsuit to recover unpaid overtime wages and other damages from The Williams Companies, Inc. (Williams) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act (PMWA), *see* 43 P.S. § 33.101 *et seq.*

2.     Schwoerer worked for Williams as a Utility Inspector in Bloomsburg, Pennsylvania.

3.     Schwoerer and the Putative Class Members (defined below) regularly worked more than 40 hours a week.

4.     But Williams did not pay them overtime.

5.     Instead of paying overtime as required by the FLSA, Williams classified Schwoerer and its other Inspectors as independent contractors and paid them a flat amount for each day worked (a "day rate") without overtime compensation.

6.     Williams never paid Schwoerer or the Putative Class Members a guaranteed salary.

7.      This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9.      The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

10.      Venue is proper under 28 U.S.C. § 1391(b)(1) because Williams maintains its headquarters in this District and Division.

11.      Specifically, Williams maintains its headquarters in Oklahoma City, Oklahoma.

## PARTIES

12.      Schwoerer worked for Williams as a Utility Inspector from approximately December 2017 until May 2018.

13.      Schwoerer worked for Williams in Pennsylvania.

14.      Throughout his employment, Schwoerer was paid a flat rate for each day worked regardless of the total hours worked in a day or week with no overtime compensation ("day rate pay plan") and was classified as an independent contractor.

15.      In fact, Schwoerer was Williams' employee.

16.      Schwoerer's consent to be a party plaintiff is attached as Exhibit 1.

17.      Schwoerer brings a FLSA collective action on behalf of himself and all other Williams' Inspectors who were classified as independent contractors and paid according to Williams' day rate pay plan.

18.     Williams paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 in a workweek.

19.     The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All Inspectors employed by, or working on behalf of, Williams who were paid a day rate at any time in the last 3 years (the "FLSA Day Rate Inspectors").**

20.     Schwoerer also seeks class certification of an additional class under Fed. R. Civ. P. 23 under the PMWA as follows:

> **All Inspectors employed by, or working on behalf of, Williams in Pennsylvania who were paid a day rate at any time in the last 3 years (the "Pennsylvania Day Rate Inspectors").**

21.     The FLSA Day Rate Inspectors and the Pennsylvania Day Rate Inspectors are referred to collectively as the Day Rate Inspectors.

22.     Williams may be served with process by serving its registered agent: **The Corporation Company, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.**

## FLSA COVERAGE

23.     At all relevant times, Williams has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

24.     At all relevant times, Williams has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

25.     At all relevant times, Williams has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

26.    At all relevant times, Williams has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

27.    In each of the past 3 years, Williams' annual gross volume of sales has exceeded $1,000,000 for at least the past 3 years.

28.    At all relevant times, Schwoerer and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

29.    Williams treated Schwoerer and the Day Rate Inspectors as employees and uniformly dictated the pay practices it applied to Schwoerer and the Day Rate Inspectors.

30.    Williams' misclassification of Schwoerer and the Day Rate Inspectors as independent contractors does not alter their status as an employee for purposes of the FLSA or PMWA.

## FACTUAL ALLEGATIONS

31.    Williams bills itself as "committed to being the leader in providing infrastructure that safely delivers natural gas products to reliably fuel the clean energy economy."[1]

32.    To complete its business objectives, Williams hires personnel, such as Schwoerer, to perform inspection services.

33.    Williams does not hire these Inspectors on a project-by-project basis.

---

[1] https://www.williams.com/ (last visited April 21, 2020).

34.     Rather, Williams hires and treats these Inspectors just like regular, even if sometimes short-term, employees.

35.     Many of these individuals worked for Williams on a day rate basis (without overtime pay).

36.     These workers make up the proposed collective of Day Rate Inspectors.

37.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

38.     For example, Schwoerer worked for Williams as a Utility Inspector from approximately December 2017 until May 2018.

39.     Throughout his employment with Williams, Williams paid him on a day rate basis.

40.     Schwoerer and the Day Rate Inspectors work for Williams under its day rate pay scheme.

41.     Schwoerer and the Day Rate Inspectors do not receive a salary to be exempt under the FLSA and PMWA.

42.     If Schwoerer and the Day Rate Inspectors did not work, they did not get paid.

43.     Schwoerer and the Day Rate Inspectors do not receive overtime pay.

44.     This is despite the fact Schwoerer and the Day Rate Inspectors often work more than 10 hours a day, for up at least 5 days a week, for weeks at a time.

45.     Although he typically worked at least 6 days a week, for more than 10 hours a day, Schwoerer did not receive any overtime pay.

46.     Schwoerer and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

47.    Schwoerer's work schedule is typical of the Day Rate Inspectors.

48.    Williams knows Schwoerer and the Day Rate Inspectors work for more than 10 hours a day, for at least 6 days a week.

49.    Williams' records reflect the fact that Schwoerer and the Day Rate Inspectors regularly work far in excess of 40 hours in certain workweeks.

50.    Williams does not pay Schwoerer or the Day Rate Inspectors overtime for hours worked in excess of 40 in any of those weeks.

51.    Instead, Williams pays Schwoerer and the Day Rate Inspectors on a day rate basis.

52.    Schwoerer and the Day Rate Inspectors are not employed on a salary basis.

53.    Schwoerer and the Day Rate Inspectors do not, and have never, received guaranteed weekly compensation from Williams irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

54.    Williams' policy of paying Schwoerer and the Day Rate Inspectors a day rate with no overtime compensation violates the FLSA and PMWA because it deprives Schwoerer and the Day Rate Inspectors of overtime for the hours they work in excess of 40 hours in a single workweek.

55.    Williams knew Schwoerer and the Day Rate Inspectors worked more than 40 hours in a week.

56.    Williams and/or its clients control Schwoerer and the Day Rate Inspectors' work.

57.    Williams requires Schwoerer and the Day Rate Inspectors to follow Williams and/or its clients' policies and procedures.

58.     Schwoerer and the Day Rate Inspectors' work must adhere to the quality standards put in place by Williams and/or its clients.

59.     Schwoerer and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

60.     As a Utility Inspector, Schwoerer performed inspections assessing the quality of utility work to ensure the project is completed in accordance with Williams' (or its clients') specifications.

61.     All of the Day Rate Inspectors perform similar duties, inspecting projects and ensuring they are safely completed according to the established guidelines, specification, and restrictions set by Williams' and/or its clients.

62.     The Day Rate Inspectors' primary duty is inspecting oil and gas related projects in the oilfield for oil and gas companies. This requires the use of their hands, requires them to wear personal protective equipment, and is physically exhausting.

63.     The Day Rate Inspectors perform manual labor out in the elements.

64.      Without the job performed by Schwoerer and the Day Rate Inspectors, Williams would not be able to complete its business objectives.

65.     Schwoerer and the Day Rate Inspectors relied on Williams for work and compensation.

66.     Schwoerer and the Day Rate Inspectors worked in accordance with the schedule set by Williams and/or its clients.

67.     Schwoerer and the Day Rate Inspectors cannot subcontract out the work they are assigned by Williams.

68.     Schwoerer and the Day Rate Inspectors must follow Williams and/or its clients' policies and procedures.

69.     Schwoerer and the Day Rate Inspectors' work must adhere to the quality standards put in place by Williams and/or its clients.

70.     Schwoerer and the Day Rate Inspectors did not substantially invest in the tools required to complete the overall job to which they were assigned.

71.     Schwoerer and the Day Rate Inspectors did not possess any specialized or unique skill set.

72.     Schwoerer and the Day Rate Inspectors did not market their services while employed by Williams.

73.     Schwoerer and the Day Rate Inspectors worked exclusively for Williams during the relevant period.

74.     Schwoerer and the Day Rate Inspectors did not incur operating expenses like rent, payroll, marketing, and/or insurance.

75.     Williams and/or its clients set Schwoerer and the Day Rate Inspectors' work schedule, which prohibited them from working other jobs for other companies while working on jobs for Williams.

76.     At all relevant times, Williams and/or its clients maintained control, oversight, and direction of Schwoerer and the Day Rate Inspectors, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

77.     Williams knew Schwoerer, and other Day Rate Inspectors, worked more than 40 hours in a week.

78.     Williams knew, or showed reckless disregard for whether, the Day Rate Inspectors were not exempt from the FLSA or PMWA's overtime provisions.

79.     Nonetheless, Williams failed to pay Schwoerer and the Day Rate Inspectors overtime.

80.     Williams knowingly, willfully, or in reckless disregard carried out this illegal day rate pay plan that deprived Schwoerer and the Day Rate Inspectors of overtime compensation in violation of the FLSA and PMWA.

81.     Williams' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

82.     Williams willfully violated the FLSA.

### CAUSE OF ACTION
### FLSA VIOLATION

83.     Williams' day rate pay plan violates the FLSA because Schwoerer and the other Day Rate Inspectors did not receive overtime pay for hours they worked in excess of 40 in a week.

84.     Williams knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

85.     Williams' failure to pay overtime compensation to the Day Rate Inspectors was not based on any reasonable interpretation of the law.

86.     Nor was Williams' decision not to pay its Day Rate Inspectors overtime made in good faith.

87.    Accordingly, Schwoerer and the Day Rate Inspectors are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

## CAUSE OF ACTION
## PMWA VIOLATION

88.    Schwoerer brings his claim under the PMWA as a Rule 23 class action.

89.    The conduct alleged violates the PMWA.

90.    At all relevant times, Williams was subject to the requirements of the PMWA.

91.    At all relevant times, Williams employed Schwoerer and the Pennsylvania Day Rate Inspectors as "employees" within the meaning of the PMWA.

92.    The PMWA requires employers like Williams to pay employees at 1.5 times their regular rate of pay for hours worked in excess of 40 in any week.

93.    Schwoerer and the Pennsylvania Day Rate Inspectors are entitled to overtime under the PMWA.

94.    Williams has and has had a policy and practice (its day rate pay plan) that failed to pay Schwoerer and the Pennsylvania Day Rate Inspectors overtime for hours worked in excess of 40 in a workweek.

95.    Schwoerer and the Pennsylvania Day Rate Inspectors seek unpaid overtime in amount equal to 1.5 times their regular rates of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

96.    Schwoerer and the Pennsylvania Day Rate Inspectors also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Williams, as provided by the PMWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

97.  Schwoerer brings this claim as a class and collective action under the FLSA and PMWA.

98.  The Day Rate Inspectors were victimized by Williams' day rate pay plan which is in willful violation of the FLSA and PMWA.

99.  Other Day Rate Inspectors worked with Schwoerer and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

100.  Based on his experiences with Williams, Schwoerer is aware that Williams' illegal day rate pay plan was imposed on the Day Rate Inspectors.

101.  The Day Rate Inspectors are similarly situated in all relevant respects.

102.  Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

103.  The illegal day rate pay plan Williams imposed on Schwoerer was imposed on all Day Rate Inspectors.

104.  Like Schwoerer, the other Day Rate Inspectors are denied overtime when they work more than 40 hours per week.

105.  The overtime owed to Schwoerer and the Day Rate Inspectors will be calculated using the same records and the same formula.

106.  Schwoerer's experiences are therefore typical of the experiences of the Day Rate Inspectors.

107.  The specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

108.    Schwoerer has no interest contrary to, or in conflict with, the Day Rate Inspectors that would prevent class or collective treatment.

109.    Like all Day Rate Inspectors, Schwoerer has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

110.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

111.    Absent a class or collective action, many Day Rate Inspectors will not obtain redress of their injuries, and Williams will reap the unjust benefits of violating the FLSA and PMWA.

112.    Further, even if some of the Day Rate Inspectors could afford individual litigation against Williams, it would be unduly burdensome to the judicial system.

113.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Day Rate Inspectors, as well as provide judicial consistency.

114.    The questions of law and fact that are common to each Day Rate Inspector predominate over any questions affecting solely the individual members.

115.    Among the common questions of law and fact are:

    a.    Whether Williams was Schwoerer and the Day Rate Inspectors' employer within the meaning of the FLSA and PMWA;

    b.    Whether Williams' decision to pay a day rate with no overtime compensation to these workers was made in good faith;

    c.    Whether Williams' violation of the FLSA was willful; and

    d.    Whether Williams' illegal pay practice applied to the Day Rate Inspectors.

116.    Schwoerer and the Day Rate Inspectors sustained damages arising out of Williams'
illegal and uniform employment policy.

117.    Schwoerer knows of no difficulty that will be encountered in the management of
this litigation that would preclude its ability to go forward as a class and collective action.

118.    Even if the issue of damages were somewhat individual in character, the damages
can be calculated by reference to Williams' records, and there is no detraction from the common
nucleus of liability facts. Therefore, this issue does not preclude class or collective treatment.

119.    Consistent with Williams' illegal day rate policy, Schwoerer and the Day Rate
Inspectors were not paid overtime when they worked more than 40 hours in a workweek.

120.    As part of their regular business practices, Williams intentionally, willfully, and
repeatedly applied its day rate pay plan to Schwoerer and the Day Rate Inspectors.

121.    Williams' illegal day rate pay plan deprived Schwoerer and the Day Rate Inspectors
of the premium overtime wages they are owed under federal law.

122.    Williams is aware, or should have been aware, that the FLSA required it to pay
Schwoerer and the Day Rate Inspectors overtime premiums for hours worked in excess of 40 in
a workweek.

123.    There are many similarly situated Day Rate Inspectors who have been denied
overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised
notice of this lawsuit and the opportunity to join it.

124.    The other Day Rate Inspectors are known to Williams, are readily identifiable, and
can be located through Williams' records.

## JURY DEMAND

Schwoerer demands a trial by jury.

## RELIEF SOUGHT

Wherefore, Schwoerer prays for:

    (a)    an order allowing Schwoerer's FLSA claims to proceed as a collective action and directing notice to the other Day Rate Inspectors pursuant to § 216(b) of the FLSA;

    (b)    judgment finding Williams in violation of the FLSA;

    (c)    judgment finding Williams liable to Schwoerer and the Day Rate Inspectors for unpaid overtime, and an equal amount of liquidated damages;

    (d)    judgment awarding Schwoerer and the Day Rate Inspectors reasonable attorneys' fees and costs of this action;

    (e)    judgment awarding Schwoerer and the Day Rate Inspectors pre- and post-judgment interest at the highest rates allowed by law; and

    (f)    such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor A. Jones**
Texas Bar No. 24107823
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

AND

- 14 -

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**