IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF SCHWOERER and HERBERT STERLING III, individually and for others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE WILLIAMS COMPANIES, INC.,<br><br>    Defendant. | Case No. CIV-20-00375-PRW |

## ORDER

Defendant, The Williams Companies, Inc. ("Williams"), has moved to stay proceedings pending a ruling from the United States Court of Appeals for the Tenth Circuit in *Reeves v. Enterprise Products Partners, L.P.*, No. 20-5020 (Dkt. 66). For the reasons set forth more fully below, Defendant's motion is **GRANTED**.

This is a putative wage-and-hour collective action in which Plaintiffs contend that they, and other similarly situated individuals, were employed by Williams and that they were not compensated as required by the Fair Labor Standards Act ("FLSA"). Williams responds that the workers were actually employed by third-party vendor companies, and not by it. Further, Williams contends that some of those vendor companies required their employees to execute arbitration agreements, such that certain putative class members must arbitrate their claims rather than pursue them in federal court. But in Plaintiffs' view, Williams cannot enforce the arbitration agreements because it is not a party to those agreements.

1

As such, this Court has been presented with the issue of whether a non-signatory to an arbitration agreement can compel a signatory plaintiff to arbitrate their disputes—a question similar to that pending before the Tenth Circuit in *Reeves v. Enterprise Products Partners, L.P.* No. 20-5020.

Williams asks to stay all proceedings, and thus stay decision on the pending request for conditional certification, until the Tenth Circuit rules on whether the non-signatory defendant can compel the signatory plaintiff to arbitrate their disputes under Oklahoma law. Williams maintains that the question of whether individuals who signed arbitration agreements with their employers can participate in this litigation is a threshold issue that should be addressed prior to conditional certification or further discovery. Because many of the individuals in Plaintiff's collective are allegedly barred from litigating the claims at issue in this case, Williams maintains that they are not "potential plaintiffs" and should not be sent notice.

Plaintiffs disagree. They contend that the Court should wait until after conditional certification is granted and when discovery is complete to determine the applicability of the relevant arbitration agreements. And in the interim, Plaintiffs urge the Court to facilitate notice.

Though some district courts have waited until after conditional certification to consider the existence of arbitration agreements, this Court recognizes that while it has discretion in deciding when and how to give notice to potential plaintiffs, that discretion is

not "unbridled,"[1] and it should be exercised so as to promote "efficient resolution in one proceeding of common issues."[2]

Federal district courts are divided over whether notice of a collective action may be sent to employees with arbitration agreements, and only a few appellate courts have weighed in on the issue.[3] The Fifth Circuit, for example, recently held that district courts cannot send notice to an employee with a valid arbitration agreement unless the record shows that nothing in the agreement would prohibit that employee from participating in the collective action.[4]

And if the law were clear on the enforceability question, there is little doubt that the more economical and efficient ordering of decision would be to decide the enforceability question first and then the conditional certification question second. Here, because the law is unclear on the enforceability question, and guidance on that question is expected from the circuit any day now, it makes sense to wait on that guidance so that the Court may resolve the enforceability and certification questions in the order it would otherwise decide them. The Court will therefore stay the case pending the decision of the circuit court.

Thus, for the foregoing reasons, the Court **GRANTS** Defendant's motion to stay proceedings (Dkt. 66). Accordingly, Defendant's initial motion to stay decision on

---

[1] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

[2] *Id.* at 170.

[3] *See In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 n.6 (5th Cir. 2019) (collecting cases and laying out the various approaches district courts have taken on this matter).

[4] *Id.* at 501.

‌

conditional certification (Dkt. 50) and Cleveland Integrity Services, Inc.'s Motion to Stay Briefing on Collective Action (Dkt. 44) are **DENIED AS MOOT**.

The delay in notice that results from this stay—and the delay that occurred while the request for a stay was briefed and considered—shall not work to the detriment of putative class members with respect to any applicable statute of limitations. Accordingly, it is **ORDERED** that the applicable statute of limitations under the Fair Labor Standards Act be tolled from November 24, 2020, the date Williams initially filed its motion to stay proceedings (Dkt. 50).

**IT IS SO ORDERED** this 10th day of August 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE